O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPERIUM INSURANCE COMPANY f/k/a DELOS INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>MANUEL TORRES dba M&E CONSTRUCTION; JENNIFER STURGEON; ~~CARISSA STURGEON;~~ ~~SHARON ESTRIDGE~~,<br><br>        Defendants. | Case No. CV 11-05163 DDP (OPx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Dkt. No. 12] |

Presently before the court is Plaintiff's Motion for Summary Judgment. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.   Background**

Plaintiff issued a workers' compensation insurance policy to Defendant. (Plaintiff's Statement of Undisputed Facts ("SUF") ¶ 7.) The policy expired on September 22, 2010. (Id.) On October 11, 2010, Defendant's employee Michael Sturgeon ("Sturgeon") was

killed in an auto accident while en route to one of Defendant's job sites.[1]  (SUF ¶ 3.)

The following day, October 12, 2010, Defendant contacted Plaintiff in an attempt to renew the lapsed workers' compensation policy.  (SUF ¶ 10.)  Plaintiff requested that Defendant certify that Defendant had not suffered any workers' compensation losses between September 22, 2010 and October 12, 2010.  (Declaration of Steven Wigh ¶ 6; SUF ¶ 12.)  Defendant responded that he had "not incurred any loss from September 22, 2010 to the present."  (Wigh Dec., Ex. A; SUF ¶12.)  Plaintiff renewed the policy, retroactive to September 22, 2010.  (SUF ¶ 13.)

Plaintiff later received a workers' compensation insurance claim arising out of Sturgeon's fatal October 11, 2010 accident. (SUF 15.)  Plaintiff then filed the instant suit, seeking rescission of the insurance policy and declaratory relief. Plaintiff alleges that it would not have renewed Defendant's policy if it had been informed of Sturgeon's accident.  (Complaint ¶ 18.) Plaintiff now moves for summary judgment.

**II.  Legal Standard**

A motion for summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). Parties must support their assertions with citations to the record or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.  Fed. R.

---

[1] Defendant disputes that Sturgeon was an employee, as discussed <u>infra</u>.

Civ. P. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. See id. If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are drawn in its favor. Anderson, 477 U.S. at 242.

It is not the court's task "to scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel have an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

**III. Discussion**

    A. Whether Sturgeon was Defendant's Employee

3

Defendant asserts that Sturgeon was not an employee, but rather was an independent contractor. (Opposition at 6; Defendant's Statement of Genuine Disputes ¶ 16.) As Defendant acknowledges, however, the California Workers' Compensation Appeals Board has already determined that Sturgeon was Defendant's employee at the time of the fatal accident. (Defendant's Statement of Genuine Disputes ¶ 16; Wigh Dec., Ex. D.)

"Under the doctrine of collateral estoppel or issue preclusion, when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot be relitigated . . . ." California Logistics, Inc. v. State, 161 Cal.App.4th 242, 249 (2008). "Only the party against whom the doctrine is invokes must be bound by the prior proceeding." Vandenberg v. Superior Court, 21 Cal.4th 815, 828 (1999) (emphasis omitted). Collateral estoppel applies to determinations by an administrative agencies that are "acting in a judicial capacity and resolving disputed issues which the parties have had an adequate opportunity to litigate." Housing Authority v. Workers' Comp. Appeals Bd., 60 Cal.App.4th 107, 1083 (1998). Opinions of the Workers' Compensation Appeals Board qualify as administrative decisions with preclusive effect. Id. Because Defendant was a party to the earlier dispute, in which the Workers' Compensation Appeals Board determined that Sturgeon was Defendant's employee at the time of Sturgeon's death, Defendant is collaterally estopped from challenging that conclusion in this proceeding.

    B.   Material Misrepresentation

In an insurance case such as this one, "a material misrepresentation or concealment in an insurance application,

whether intentional or unintentional, entitles the insurer to rescind the insurance policy ab initio.  West Coast Life Ins. Co. v. Ward, 132 Cal.App.4th 181, 187 (2005); Cal. Ins. Code § 331. Failure to communicate known information that ought to be communicated constitutes concealment.  Cal. Ins. Code § 330. Materiality is determined solely by the effect information would have had upon the insurer, and can usually be established by the fact that the insurer has requested answers to specific questions. West Coast Life, 132 Cal.App.4th at 187.

Here, the parties do not dispute that Defendant represented to Plaintiff that Defendant had suffered no workers' compensation losses.  Defendant cannot now dispute, however, that Sturgeon was Defendant's employee at the time of the fatal accident.  Thus, regardless of what Defendant believed or now believes, his representation to Plaintiff was not correct.  Because Plaintiff would not have renewed Defendant's insurance policy if Plaintiff had known about Sturgeon's accident, the misrepresentation or concealment was material.  (Wigh Dec. ¶ 18.)  Accordingly, Defendant is entitled to rescind Defendant's workers' compensation insurance policy.

**IV. Conclusion**

For the reasons stated above, Plaintiff's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.


Dated: January 17, 2012

DEAN D. PREGERSON
United States District Judge